JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams Street, Suite 201
Phoenix, AZ 85007
Telephone: (602) 382-2700

ANDRE L. PENNINGTON
Colorado State Bar No. 37877
Assistant Federal Public Defender
Attorney for Defendant
andre_pennington@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | NO. CR-12-08023-PCT-DGC |
| v. | |
| Nicholas Archie Begay, | DEFENSE OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT |
| Defendant. | |

Defendant, Nicholas Archie Begay, by and through undersigned counsel, respectfully submits the following objections to the draft presence report as follows:

In particular, defendant objects to Paragraph 23 (Specific Offense Characteristics) and Paragraph 31 (Total Offense Level) of the Presentence Report (PSR).

On October 23, 2012, a PSR was drafted concerning Mr. Begay. The PSR calculates an offense level of 21, criminal history category of I, and a sentencing guideline range of 37 to 46 months. The PSR uses the following calculation under U.S.S.G. § 2A2.2 to arrive at offense level 21:

/ / /

/ / /

```
Base Offense Level                                    14
Specific Offense Characteristic (bat used)            +4
```
**Specific Offense Characteristic (permanent injury)  +6**
```
Acceptance of Responsibility                          -3
```

The defense believes the appropriate calculation is an offense level of 20, criminal history category of I, and a sentencing guideline range of 33 to 41 months. In particular, the defense believes there is insufficient evidence to show permanent or life threatening injury under U.S.S.G. § 2A2.2 (b)(3)(C); and that the appropriate level increase should be 5 levels under U.S.S.G. § 2A2.2 (b)(3)(B), i.e., serious bodily injury, which would result in an offense level of 20 and the following calculation:

```
Base Offense Level                                    14
Specific Offense Characteristic (bat used)            +4
```
**Specific Offense Characteristic (serious bodily injury)+5**
```
Acceptance of Responsibility                          -3
```

It appears that the level of bodily injury was calculated in the PSR solely based on a victim impact statement provided by the victims in this matter and statements taken from "medical personnel treating" the victims on January 30, 2012, i.e., nearly a year ago. *See* PSR ¶¶ 14, 15 & 16. The statements made by the "medical personnel treating" the victims in this case discuss a fractured wrist, fractured ulna, significant pain, a significant arm injury, and a laceration that required 10 staples to close. PSR ¶ 14. All injuries that without further information do not appear to be permanent. While the defense readily admits these injuries qualify for serious bodily injury, there is insufficient medical evidence that would render these injuries as permanent – meaning they will likely heal with the passage of time.

The remaining statements come from the victims in this matter. According to Mr. Wheeler, he continues with physical therapy and the feeling in his hand has not returned, and he has been approved for disability (for the time being and without any indication that it is permanent); however, he believes he has healed to eighty percent

(80%) since the original injury. PSR ¶ 15. Assuming that his calculations are correct, the question that is unanswered is whether Mr. Wheeler will also gain the remaining twenty percent (20%). According to Mrs. Wheeler she cannot perform heavy lifting and has headaches. PSR ¶ 16. Assuming that their statements are accurate as to the state of their injuries as they stand today, this may not be the reality next week, next month, next year, etc. For a determination of *permanent* bodily injury it is imperative to have adequate and sufficient evidence, e.g., such as a qualified and reliable medical professional, who has run the necessary tests to make such findings. The court only has facts sufficient to find that the victim sustained serious bodily injury, not permanent or life threatening injury.

**CONCLUSION**

For the above stated reasons, Mr. Begay should only receive a five-level increase, pursuant to U.S.S.G. § 2A2.2 (b)(3)(B). This would result in a total offense level of 20, after acceptance of responsibility.

Respectfully Submitted this 15th day of November, 2012.

JON M. SANDS
Federal Public Defender

*s/Andre L. Pennington*
Andre L. Pennington
Asst. Federal Public Defender

| | |
|---|---|
| 1 | I hereby certify that on November 15, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal to the following CM/ECF registrants: |
| 2 | |
| 3 | CLERK'S OFFICE |
| 4 | Sandra Day O'Connor Courthouse<br>401 W. Washington, Suite 160 |
| 5 | Phoenix, Arizona 85003 |
| 6 | ROGER W. DOKKEN<br>Assistant U.S. Attorney |
| 7 | United States Attorney's Office<br>Two Renaissance Square |
| 8 | 40 N. Central Avenue, Suite 1200<br>Phoenix, Arizona 85004-4408 |
| 9 | |
| 10 | Copy mailed to: |
| 11 | PATRICIA A. ROMERO<br>United States Probation |
| 12 | Sandra Day O'Connor Courthouse<br>401 W. Washington, Suite 160 |
| 13 | Phoenix, Arizona 85003 |
| 14 | |
| 15 | NICHOLAS ARCHIE BEGAY<br>Defendant |
| 16 | *s/kl*<br>kl |

4