JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams Street, Ste. 201
Phoenix, Arizona 85007
Telephone: (602) 382-2700

ANDRE L. PENNINGTON
CO State Bar No. #37877
Asst. Federal Public Defender
andre_pennington@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-12-8023-PHX-DGC |
|---|---|
| Plaintiff, | MOTION FOR DOWNWARD DEPARTURE/VARIANCE AND SENTENCING MEMORANDUM |
| -vs- | |
| Nicholas Archie Begay, | |
| Defendant. | |

Defendant, Nicholas Archie Begay (hereinafter Mr. Begay), through undersigned counsel, hereby submits the following Motion for Downward Departure and/or Variance and Sentencing Memorandum pursuant to 18 U.S.C. § 3553 (a). A three-level downward variance/departure and a sentence of 27 months is sufficient but not greater than necessary to satisfy the statutory purposes of sentencing. Mr. Begay pled guilty to Count 2 of the Indictment, i.e., Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6). Sentencing is scheduled for December 3, 2012.

///

///

I.   **Introduction**

On February 7, 2012, Mr. Begay, his brother, Nicoli Begay, and his cousins, Marwin and Jarimie Begay were drinking large quantities of vodka. PSR ¶ 8. After intoxication, the four decided to rob known bootleggers, Roger and Ella Wheeler. *Id*. The plan was to enter the victims' home, scare them with bats, and take more alcohol. PSR ¶¶ 9 & 10. Upon entering the victims' home, violence escalated more than planned and some of the other co-defendants used bats to hit the victims rather than just scare them. PSR ¶¶ 8, 9 , 10, & 11. Mr. Wheeler suffered a fractured ulna and wrist; Mrs. Wheeler suffered an arm injury and required stitches to her forehead. PSR ¶ 14. While Mr. Begay held a bat, he did not use it. PSR ¶¶ 9 & 13.

The U.S. Probation Office prepared a PSR in the instant case, calculating a Total Offense Level of 21 and a Criminal History Category of I. On November 15, 2012, the defense filed an objection to the application of U.S.S.G. § 2A2.2 (b)(3)(C) and the offense level calculation of 21 in the PSR (Doc. 99); the appropriate starting point should be offense level 20.

II.  **Legal Analysis**

In *United States v. Booker*, 543 U.S. 220 (2005), the United States Supreme Court held that its previous decision in *Blakely v. Washington*, 542 U.S. 296 (2005), applied to the federal Sentencing Guidelines and, thus, that the Sixth Amendment's jury trial guarantee prevents judges from finding facts that would increase a defendant's prison time. *Booker*, 543 U.S. at 226 (opinion by Stevens, J.). A different majority of the *Booker* court held that the proper remedy to resolve the constitutional questions posed by *Blakely* was to excise the portions of the Sentencing Reform Act that made the federal Sentencing Guidelines mandatory

(codified at 18 U.S.C. §§ 3553(b)(1)). *Booker*, 543 U.S. at 245 (opinion by Breyer, J.). Accordingly, although a sentencing court must still consider the Guidelines range, before settling on a sentence, the court must also look at each of the factors set forth in 18 U.S.C. § 3553(a)–the statute governing the imposition of a sentence.

Pursuant to section 3553(a), the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3353(a). Paragraph 2 states that such purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant;
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3353(a)(2). Section 3553(a) also mandates that sentencing courts consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a)(1), (3), (6) & (7).

*Booker* and § 3553(a) make clear that courts may no longer uncritically apply the Guidelines. Specifically, the district court may not presume the guideline range is reasonable. *Rita v. United States*, 551 U.S. 338, 352 (2007). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court held that, although the

Guidelines should be the "starting point and the initial benchmark" for arriving at a sentence, they "are not the only consideration." *Id.* at 49; *see also United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006). In *Kimbrough v. United States*, 552 U.S. 85 (2007), a case decided on the same day as *Gall*, the Supreme Court also held that a district judge may determine that, in a particular case, a sentence that is within the guideline range "is 'greater than necessary' to serve the objectives of sentencing." *Id.* at 91.

In *United States v. Carty*, 530 F.3d 984 (9th Cir. 2008), the *en banc* court of the Ninth Circuit held that "[a] district court may not presume that the Guidelines range is reasonable." *Id.* at 991. Indeed, the Guidelines are not to be given more or less weight than any of the other § 3553(a) factors in arriving at an appropriate sentence. *Id.* Moreover, the district court must make an "individualized determination based on the facts." *Id.*

Under § 3553(a)(1), a sentencing court must consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Guidelines generally forbid the sentencing court to consider factors in the defendant's history and characteristics that are either positive or that would otherwise call for leniency. For instance, under the Guidelines, sentencing courts could not consider, or were discouraged from considering, a defendant's drug or alcohol dependence, U.S.S.G. § 5H1.4, or his employment record, U.S.S.G. § 5H1.5. *Booker* directs sentencing courts to consider *all* of the § 3553(a) factors before imposing sentence. Accordingly, the Guidelines' prohibitions pertaining to some of the defendant's "history and characteristics" no longer apply.

///

///

### 1. The Nature and Circumstances of the Offense

The nature and circumstances of the present offense support a sentence of 27 months and an appropriate term of supervised release; such sentence is sufficient, but not greater than necessary. We ask the Court to consider the following mitigating evidence concerning the nature and circumstances of the present offense: Mr. Begay is only 22-years-old. PSR ¶ 45. He was drinking heavily with his brother and cousins, who are also youthful, and made an ill-advised decision. PSR ¶¶ 8, 9, 10, & 11. His intent was never to hurt the victims. PSR ¶ 19. He accepted responsibility from the first day he was arrested by answering questions rather than invoking his *Miranda* rights. Based on the above factors, the nature and circumstances of the present offense support a sentence of 27 months and an appropriate term of supervised release; such sentence is sufficient, but not greater than necessary.

### 2. History and Characteristics of the Defendant

Mr. Begay's history and characteristics support a sentence of 27 months and an appropriate term of supervised release. Mr. Begay is only 22-years-old. PSR ¶ 45. Mr. Begay is a criminal history category I. PSR ¶ 35. He was attending college with passing grades at the time of the offense and plans to continue pursuit of his college degree once released. PSR ¶¶ 46, 51, & 58. Mr. Begay sees the negative impact that alcohol and marijuana have had on his life and is open to treatment, which will benefit his life (especially when considering his tender age). PSR ¶¶ 54-56. Mr. Begay has a good work ethic. Although he was unemployed while attending school full-time, he has worked in the past in landscaping and cleaning and maintenance. PSR ¶¶ 59-61. Mr. Begay's history and characteristics support a sentence of 27 months and an appropriate term of supervised release; such

sentence is sufficient, but not greater than necessary.

### 3. The Need for the Sentence Imposed

A sentence of 27 months and an appropriate term of supervised release accounts for the seriousness of this particular offense, affords adequate deterrence, serves to protect the public from further crimes by Mr. Begay, and can provide Mr. Begay with needed correctional treatment in the most effective manner.

#### a. Seriousness of the Particular Offense

While Mr. Begay accepts the seriousness of the instant offense, he does ask that the court take into account that he did not intend to cause any injury, only intended on scaring the victims, and is remorseful for his involvement in the instant offense. PSR ¶ 19. Mr. Begay understands that his judgment was impaired by consumption of alcohol and marijuana and looks forward to treatment for both in the future. The seriousness of the present offense supports a sentence of 27 moths and an appropriate term of supervised release.

#### b. Adequate Deterrence

A sentence of 27 months and an appropriate term of supervised release is long enough to keep an eye on Mr. Begay to ensure that he has received the message under the law, but at the same time is not more harsh than required. Similarly, those who know of Mr. Begay and his crime will be deterred from acting in similar fashion. At 22 years of age, 27 months is a significant amount of prison. Mr. Begay has plans to obtain a college degree and a sentence of over two years will give him plenty of time to evaluate the missteps that have placed those dreams on hold, while at the same time giving him motivation to change his ways to continue on his educational path. A sentence of 27 months can adequately deter Mr. Begay and the public that becomes aware of his crime.

### c. Protection of the Public

A term of imprisonment of 27 months and an adequate term of supervised release ensures the public will be protected adequately. While imprisoned, Mr. Begay will be away from the public so that he cannot re-offend; and at the same time, he can use that time to reevaluate the problem areas in his life, e.g., alcohol and drugs. Once released, Mr. Begay will be placed on supervised release to ensure that he has changed his ways and that he is reformed to solely a contributing member of society.

### d. Substance and Correctional Treatment

A term of imprisonment of 27 months and an adequate term of supervised release ensures that Mr. Begay will get to the root of the character defect that caused the instant offense, i.e., substance abuse. When sober, Mr. Begay is a productive member of society – a member that goes to school and/or is employed. However, in order to ensure that he remains on that path he now understands that he will need to remain substance free. The recommended sentence is long enough but not greater than necessary to ensure that he gets the treatment that he needs.

### III. Conclusion: The Appropriate Sentence

Mr. Begay respectfully requests that this Court accept the plea agreement in this case and accept the defense's sentencing recommendation, i.e., 27 months of imprisonment and an appropriate term of supervised release.

Respectfully submitted this 20th day of November, 2012.

JON M. SANDS  
Federal Public Defender

s/ *Andre L. Pennington*  
ANDRE L. PENNINGTON  
Asst. Federal Public Defender

Copy of the foregoing transmitted
by ECF for filing this 20th day of November, 2012, to:

Clerk's Office
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

ROGER DOKKEN
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy delivered to:

PATRICIA A. ROMERO
U.S. Probation
401 W. Washington, Suite 160
Phoenix, Arizona 85003

NICHOLAS ARCHIE BEGAY
Defendant

s/kl
kl