1  JOHN S. LEONARDO
   United States Attorney
2  District of Arizona

3  Roger Dokken
   Assistant U.S. Attorney
   Arizona State Bar No. 3778
   Two Renaissance Square
4  40 N. Central Avenue, Suite 1200
   Phoenix, Arizona 85004-4408
5  Telephone (602) 514-7500
   roger.dokken@usdoj.gov

FILED ___ ☒ LODGED
___ RECEIVED ___ COPY

SEP 0 4 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

☒ FILED ___ LODGED
☒ RECEIVED ___ COPY

DEC 3 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

6          UNITED STATES DISTRICT COURT

7              DISTRICT OF ARIZONA

8  United States of America,

9                      Plaintiff,                    CR-12-08023-PCT-DGC

10         v.                                        **PLEA AGREEMENT**

11 Nicholas Archie Begay,

12                      Defendant.

13

14         Plaintiff, United States of America, and the defendant, Nicholas Archie Begay, hereby

15 agree to dispose of this matter on the following terms and conditions:

16 **1.    PLEA**

17         The defendant will plead guilty to **Assault Resulting in Serious Bodily Injury** as

18 charged in **Count 2** of the indictment, a violation of 18 United States Code (U.S.C.) §§1153 and

19 113(a)(6), a Class C felony offense.

20 **2.    MAXIMUM PENALTIES**

21         a.    A violation of 18 U.S.C. §113(a)(6), is punishable by a maximum fine of

22 $250,000, a maximum term of imprisonment of 10 years, or both, and a term of supervised

23 release of 3 years. A maximum term of probation is five years.

24         b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform

25 Act of 1984, the Court shall order the defendant to:

26              (1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663

27 and/or 3663A, unless the Court determines that restitution would not be appropriate;

28              (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine

is not appropriate;

SCANNED

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.     AGREEMENTS REGARDING SENTENCING**

a.     <u>Stipulation.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed the mid-point of the sentencing guideline range in the appropriate offense level and criminal history category as determined by the court.

b.     <u>Restitution.</u> Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to make restitution in an amount to be determined by the Court at the time of sentencing but in no event more than $25,000.

c.     <u>Acceptance of Responsibility.</u>  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the defendant shall also receive a three level downward adjustment for acceptance of responsibility

**4.     AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.     The United States will dismiss counts 1 and 3.

b.     This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

## 5. COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION

If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

## 6. WAIVER OF DEFENSES AND APPEAL RIGHTS

Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and 2255. The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

3

**7. DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9. ELEMENTS**

**Assault Resulting in Serious Bodily Injury**

On or about **January 29, 2012**, in the District of Arizona:

**1. The defendant knowingly or recklessly caused an injury to the victim; and**

**2. As a result, the victim suffered serious bodily injury; and**

**3. The defendant is an Indian; and**

**4. The incident occurred on an Indian Reservation in Arizona.**

**Serious Bodily Injury means bodily injury which involves either:**

A substantial risk of death; Extreme physical pain; Protracted and obvious disfigurement; or Protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

10.  **FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

**On January 29, 2012, near Round Rock, Arizona, Nicholas Archie Begay, Nicholi Begay, Marwin Jay Begay, Jarimie Jay Begay, and Diondo Archie, did knowingly and recklessly assault and aid and assist in the assault of Roger Wheeler, resulting in serious bodily injury. The incident occurred when Nicholas Archie Begay, Nicholi Begay, Marwin Jay Begay, Jarimie Jay Begay, and Diondo Archie drove to the residence of a local bootlegger in the community to rob him of beer and money. When they arrived at the residence, the victim did not have any money so Nicholas Archie Begay, Nicholi Begay, Marwin Jay Begay, Jarimie Jay Begay, and Diondo Archie took two cases of 40 ounce beer from the victim. They also beat the victim with a bat, causing a fractured ulna and fractured wrist. The injury caused extreme pain which was treated with morphine and percocet.**

**The defendant is an Indian and the incident occurred on the Navajo Indian Reservation in Arizona.**

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial

by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines. .

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

6

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

9-4-12
_____
Date

_____
Nicholas Archie Begay
Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9/4/12
_____
Date

_____
Andre L. Pennington
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

9/4/12
Date

Roger Dokken
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

12/4/12
Date

United States District Judge

8