UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

_____

**United States of America,**   )
                                )  No. **CR-12-8023-PCT-DGC**
      Plaintiff,       )
                                )
      vs.                    )  Phoenix, Arizona
                                )  May 26, 2021
**Nicholas Archie Begay,**      )  2:57 a.m.
                                )
      Defendant.       )
_____)

**BEFORE:   THE HONORABLE JOHN Z. BOYLE, MAGISTRATE JUDGE**

TRANSCRIPT OF PROCEEDINGS

ADMIT/DENY HEARING

**APPEARANCES:**
For the Government:
    U.S. Attorney's Office
    By:  **Jillian Besancon**, Esq.
    40 North Central Avenue, Suite 1800
    Phoenix, Arizona 85004

For the Defendant:
    Federal Public Defenders Office
    By:  **James Rael**, Esq.
    850 West Adams Street, Suite 201
    Phoenix, Arizona 85007

Transcriptionist:
Candy L. Potter
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 36
Phoenix, Arizona 85003-2151
(602) 322-7246

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

1          (Proceedings begin at 2:57 p.m.)

2              THE CLERK:  Criminal case number CR-12-08023, United

3  States of America versus Nicholas Archie Begay.  Set before the

4  Court for an admit/deny hearing.

5              MS. BESANCON:  Good afternoon, Your Honor, Jillian

6  Besancon for the United States.

7              THE COURT:  Good afternoon.

8              MR. RAEL:  James Rael on behalf of Mr. Begay, who

9  appears by video telefeed.

10             Judge, he has consented to proceeding in this manner.

11             THE COURT:  All right.  Good afternoon.

12             Good afternoon, Mr. Begay.

13             Sir, can you hear me and see me?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Good.  I can hear you and see you as well.

16             We're here for an admit/deny hearing.  Let me turn to

17  your attorney and ask how you wish to proceed.

18             Mr. Rael?

19             MR. RAEL:  Judge, at this point he wishes to deny the

20  allegations in the petition to revoke.

21             THE DEFENDANT:  Oh, Mr. James?

22             THE COURT:  He's here in the courtroom.

23             Do you have a question?

24             THE DEFENDANT:  It's actually admit.  I didn't get a

25  chance to tell you on the phone.

1       THE COURT: Well, you do have a right -- and we'll see
2  if you want to do that today. But you can enter a denial and
3  have a revocation hearing or you can make an admission.
4       THE DEFENDANT: No.
5       THE COURT: Hold on. Or make your admission, which
6  you might want to do, in which case I would take your admission
7  and recommend Judge Campbell accept it. And then the next
8  hearing after that would be a disposition sentencing.
9       So do you understand your two choices?
10      THE DEFENDANT: Yes.
11      I need to speak to attorney public defender James
12 Rael.
13      THE COURT: Okay.
14      THE DEFENDANT: I need to speak to him on the phone.
15      THE COURT: Well, okay. Let me talk with him for a
16 second before you say anything else. If you need to talk, I'll
17 let you.
18      But, Mr. Rael, I don't know how much you've spoken
19 with him or which allegation you think he might want to admit,
20 so I'll just defer to you. Would you like us to reset this or
21 do you think that Mr. Begay is in a position to go forward
22 today?
23      MR. RAEL: I think we can go forward with the
24 denial -- I'm sorry, with the admission.
25      And he would admit to allegation B, with the

1   understanding that the Government would dismiss the other
2   allegations at the time of disposition.
3           THE COURT:  And have you gone through all of this with
4   him before today so that you're confident if he makes an
5   admission he's done that with the advice of counsel?
6           MR. RAEL:  Yes.
7           THE COURT:  Okay.
8           All right.  Mr. Begay, it appears you wish to make the
9   admission, which you can do.  I won't stand in your way.  But
10  I'm going to ask you a number of questions to make sure this is
11  what you wish to do.  And we'll just take this one step at a
12  time.
13          Do you understand?
14          THE DEFENDANT:  Okay.
15          THE COURT:  Okay.  First, you're obviously on the
16  television.  You do have a right to be here in person.
17          Do you agree to enter your admission over the
18  television today?
19          THE DEFENDANT:  Okay.
20          THE COURT:  Do you understand that you are agreeing to
21  enter this over the television?  Is that what you wish to do?
22          THE DEFENDANT:  No.
23          THE COURT:  Hold on.  It's a yes or a no.  But do
24  you -- to do this hearing today, you would have to agree to do
25  it over the television.  Do you wish to go forward today?

1   THE DEFENDANT: Okay.

2   THE COURT: Okay.

3   THE DEFENDANT: Okay.

4   THE COURT: All right. Mr. Rael, did you -- you

5   indicated when we started that Mr. Rael consented to handling

6   this matter over the television. Did you speak with him about

7   that choice?

8   MR. RAEL: Yes.

9   THE COURT: Is it clear he wishes to go forward over

10  the television, in your mind?

11  MR. RAEL: It is.

12  THE COURT: All right. Mr. Begay, we'll proceed over

13  the television today because it's clear to me and your attorney

14  as well that you wish to do that.

15  Mr. Begay, next we're going to place you under oath.

16  The importance of the oath is that you answer all questions

17  honestly. If you do not do that, the Government can prosecute

18  you for the crimes of perjury and false statement.

19  Do you understand the importance of the oath?

20  THE DEFENDANT: No.

21  THE COURT: Okay. This is an important point.

22  If you make statements, they have to be truthful. Do

23  you understand that?

24  THE DEFENDANT: Okay.

25  THE COURT: Is that yes?

1           THE DEFENDANT:  Okay.

2           THE COURT:  You have to answer yes or no, because I

3  need to have a clear answer.  So do you understand --

4           THE DEFENDANT:  Yes.

5           THE COURT:  Hold on.  Do you understand that your

6  statements must be truthful and honest?

7           THE DEFENDANT:  Yes.

8           THE COURT:  Okay.  We're going to place you under oath

9  now.

10          THE CLERK:  Please raise your right hand.

11     (The defendant is sworn.)

12          THE CLERK:  Thank you.

13          THE COURT:  Would you please tell me your full name?

14          THE DEFENDANT:  Nicholas Archie Begay.

15          THE COURT:  How old are you?

16          THE DEFENDANT:  Thirty-one.

17          THE COURT:  How far did you go in school?

18          THE DEFENDANT:  Ninth -- tenth grade.

19          THE COURT:  When you spoke with Mr. Rael about your

20  case, did you understand the things you talked about?

21          THE DEFENDANT:  No.

22          THE COURT:  Well, it's important that you do

23  understand everything.  So let me turn to your attorney.

24          Mr. Rael?

25          MR. RAEL:  Judge, based on some of the responses

1  Mr. Begay has made today, I think it's probably best to reset
2  this matter.
3          I do have a visit already scheduled with him for next
4  week.  We've met previously.  But I think that's the best
5  course.
6          THE COURT:  All right.  That's fine.
7          Do you happen to know -- you don't have to say
8  anything about what it is.  Is he under any treatment right
9  now, like medications for which -- or have any medical issues
10 for which the timing of the day might affect his answers?
11         MR. RAEL:  I don't have any information like that.
12         THE COURT:  Okay.
13         Mr. Begay, I know you wish to make the admission
14 today, but your attorney wants to talk with you a little bit
15 more before we do that.  And I think that's a good idea as
16 well, because a couple of times there have been straightforward
17 questions, I don't know that you're hearing them clearly.  And
18 it's important that you talk with your lawyer.
19         So what we're going to do is just reset this in a few
20 days and have you come back, and then you'll talk with me and
21 we'll handle all of this.
22         So let me check my next court availability next week.
23         Ken, what do we have?
24         THE CLERK:  Next week, we're on duty next week.
25         THE COURT:  We'll throw it in.

1         THE CLERK:  Okay.

2         THE COURT:  Tuesday?

3         MR. RAEL:  So --

4         THE COURT:  Hold on.  What day do you wish, Mr. Rael?

5         MR. RAEL:  Sorry, Judge.  I have a meeting scheduled

6 with him on Wednesday.  If we could do Thursday or Friday that

7 would be best.

8         THE COURT:  Thursday of next week.

9         THE CLERK:  Friday is actually better for us.

10        THE COURT:  Okay.  Then Friday.

11        THE CLERK:  Okay.  We can do Friday at 3:00 o'clock.

12        MR. RAEL:  That's fine.

13        THE COURT:  All right. Mr. Begay, we're going to come

14 back next Friday at 3:00 o'clock.  That way your attorney can

15 talk with you more about your case and make sure you understand

16 everything clearly.

17        So next Friday at 3:00 you'll be back here.  But even

18 before that you'll be talking with your attorney.  Do you

19 understand?

20        THE DEFENDANT:  Yes.

21        THE COURT:  Okay.  Miss Besancon, anything else you

22 want to add to the record?

23        MS. BESANCON:  No, Your Honor.  Thank you.

24        THE COURT:  Or any objections?

25        MS. BESANCON:  No.

1        THE COURT:  Okay.  You're welcome.
2        All right.  Mr. Begay, for today we're just going to
3 stop.  But we'll be back next Friday and you'll talk with your
4 attorney.
5        So for today now you can just go ahead and knock on
6 the door behind you and let them know we're finished.
7        All right.  Thank you all.  We're adjourned.
8     (Proceedings concluded at 3:05 p.m.)

                              -oOo-

C E R T I F I C A T E

I, CANDY L. POTTER, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

DATED at Phoenix, Arizona, this 22nd day of November, 2021.

s/Candy L. Potter
Candy L. Potter

UNITED STATES DISTRICT COURT