WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br>v.<br>Nicholas Archie Begay,<br>    Defendant. | No. CR-12-08023-001-PCT-DGC (JZB)<br><br>**ORDER** |

Before the Court is a petition to revoke Defendant Nicholas Begay's supervised release. Doc. 127. The petition alleges that Defendant has violated the first standard condition, which provides that Defendant "shall not commit another federal, state, or local crime during the term of supervision." *Id.* at 1 (Allegation A).

On November 19, 2021, Magistrate Judge John Boyle issued a report recommending that (1) Defendant be brought in person before the Court for a revocation and disposition hearing, and (2) Defendant be found competent to proceed ("R&R"). Doc. 259. No objection has been filed. *See id.* at 11 (giving the parties 14 days "to file specific written objections with the Court.") (citing Fed. R. Crim. P. 59(b)(2)). The Court will accept the R&R. The in-person revocation and disposition hearing is set for **January 5, 2022 at 1:00 p.m.** *See id.* at 12.

### I.    R&R Standard of Review.

The Court may accept, reject, or modify the recommendations of a magistrate judge. Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). The Court must "review a magistrate judge's findings within an R&R de novo when a party properly files specific, written objections." *Digerolamo v. Uttecht*, No. 2:19-CV-01976-BJR, 2020 WL 3433085, at *2 (W.D. Wash. June 23, 2020) (citing Fed. R. Crim. P. 59(b)(3)); *United States v. Thoms*, 684 F.3d. 893, 899 (9th Cir. 2012)). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (the court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise").

### II.   Defendant Is Competent to Proceed.

As Judge Boyle correctly explained, "[a] defendant is incompetent if 'the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" Doc. 59 at 4 (quoting 18 U.S.C. § 4241(d)). This standard applies to defendants on supervised release. *See id.* (citing 18 U.S.C. § 4241(a)).

In July 2021, Defendant's counsel filed a motion for psychiatric examination of Defendant. Doc. 235. Judge Boyle granted the motion and appointed Dr. John Walker to conduct the examination. Doc. 239. The examination was performed on August 9, 2021. *See* Doc. 240 at 1. Dr. Walker found Defendant competent to proceed. *Id.* at 4.

A competency hearing before the court must be "conducted pursuant to the provisions of [§] 4247(d)." 18 U.S.C. § 4241(c). That section affords the defendant an "opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d).

Judge Boyle held a competency hearing on October 19, 2021. *See* Docs. 252, 259 at 8. Defendant appeared at the hearing by video conference, and Judge Boyle advised him

that he "had a right to be present in court and to participate in the hearing." Doc. 259 at 8 (citations omitted). Defendant did not respond, and chose to remain silent when Judge Boyle "repeatedly asked [him] if he was willing to talk with the Court[.]" *Id.* Judge Boyle found that Defendant "has voluntarily chosen not to participate in these proceedings and him appearing before the Court in person would not change that fact." Doc. 252 at 1. At the conclusion of the hearing, Judge Boyle "told Defendant that the Court would conduct a new evidentiary hearing if Defendant wished so that Defendant could participate in a new hearing." Doc. 259 at 9. Judge Boyle directed defense counsel to visit Defendant one more time to see he would speak to counsel or speak about the case. *Id.*; *see* Doc. 253 at 1. Counsel later filed a notice stating that he again attempted to meet with Defendant and "has no additional information to present to the Court regarding [Defendant's] desire to participate in these proceedings." Doc. 257.

Defendant was afforded a clear opportunity to participate in the competency proceedings and chose to remain silent, which is his right. *See United States v. Perez*, 752 F.3d 398, 402 (4th Cir. 2014) (noting that the § 4247(d) hearing was conducted in the defendant's absence where he "refused to be present or otherwise participate in the hearing"); *United States v. Evans*, 690 F.3d 940, 944 (8th Cir. 2012) ("The hearing held by the court complied with the[] requirements of [§ 4247(d)]: Evans was represented at the competency hearing by a federal public defender; the court asked Evans whether he would like to present any evidence, and Evans, through his counsel, declined . . . . Evans has not shown that the court erred in crediting the report of Dr. Nieberding, particularly when that report was the only evidence before the court regarding Evans's competency.").

On the basis of Dr. Walker's report and Defendant's communication with the Court and others in the early stages of this case, Judge Boyle recommends that the Court find, by a preponderance of the evidence, that Defendant is competent to proceed. Doc. 259 at 10. Specifically, Judge Boyle recommends a finding that Defendant "understand[s] the nature of the criminal proceedings and the potential consequences; and he is able to assist in his defense should he choose to do so." *Id.* at 10-11. The Court finds no basis to reject this

recommendation. Defendant participated coherently in the early stages this case, was found competent by Dr. Walker, knowingly refused to participate or present evidence in the competency hearing before Judge Boyle, and has not objected to the R&R. The Court will accept the R&R.

### III.     Defendant's Right to Participate In Person in the Revocation Hearing.

Federal Rule of Criminal Procedure 32.1(b)(2) provides that, unless waived, the defendant has the right to "appear, present evidence, . . confront any adverse witness[,]" and "make a statement and present any information in mitigation" at the revocation hearing. Fed. R. Crim. P. 32.1(b)(2)(C), (E); *see United States v. De La Fe*, No. 21-11987, 2021 WL 3877862, at *2 (11th Cir. Aug. 31, 2021) ("During a revocation proceeding, according to Rule 32.1(b), the defendant is entitled . . . to be heard in person and [to] present evidence and confront witnesses[.]"). Judge Boyle found that Defendant has not "waive[d] his right to appear in person at a revocation hearing." Doc. 259 at 2. The Court agrees.

The revocation hearing will be held on January 5, 2022. *See* Doc. 259 at 12. Evidence to support the petition to revoke supervised release should be presented at the hearing. Defendant shall appear in person and may present evidence, confront adverse witnesses, and make statements to the Court if he chooses to do so. *See* Fed. R. Crim. P. 32(b)(2). If the Court finds that supervised release should be revoked, it will proceed immediately to final disposition.

**IT IS ORDERED:**

1.     Judge Boyle's R&R (Doc. 259) is **accepted**. The Court finds, by a preponderance of the evidence, that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. *See id.* at 11; Doc. 240; 18 U.S.C. § 4241(d).

2.     A revocation and final disposition hearing regarding Allegation A of the petition (Doc. 127) is set on **January 5, 2022, at 1:00 p.m.** in Courtroom 603, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, Arizona. Defendant shall be brought in person to the courtroom for these proceedings. The Court authorizes

the use of reasonable and necessary force for the jail staff and/or the United States Marshals Service for the purposes of transporting Defendant to and from the courtroom for the hearing.  *See* Doc. 259 at 12.

Dated this 13th day of December, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge